**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-6210**

---

DANIEL L. STALEY,

Plaintiff - Appellant,

versus

DOE RIDER, Mental Health Counselor at Kirkland
Correctional Institution R&E Center;
UNIDENTIFIED INDIVIDUALS,

Defendants - Appellees.

---

Appeal from the United States District Court for the District of
South Carolina, at Beaufort. Patrick Michael Duffy, District
Judge. (CA-03-3489-23BG-9)

---

Submitted: June 16, 2004          Decided: November 15, 2004

---

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Daniel L. Staley, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Daniel L. Staley appeals the district court's order dismissing his 42 U.S.C. § 1983 (2000) action for failure to comply with an order of the magistrate judge. Staley contends in his informal brief that he did not receive that order, and that an examination of the prison mail logs will support his contention. We decline to remand the case for a determination of whether Staley did or did not receive the order in question. We conclude that, even if Staley did not receive the order, his complaint is subject to summary dismissal as it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B) (2000). Accordingly, we affirm the order of the district court dismissing the complaint without prejudice.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Though a dismissal without prejudice is ordinarily not a final, appealable order, see Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993), the applicable three-year statute of limitations period appears to have passed in this case. See S.C. Code Ann. § 15-3-530(5) (Law. Co-op. Cum. Supp. 2003). Thus, the order is effectively a final order.

- 2 -